1    TODD A. ROBERTS (SBN 129722)
2    **ROPERS MAJESKI PC**
     545 Middlefield Road, Suite 175
3    Menlo Park, CA  94025
     Telephone:  650.364.8200
4    Facsimile:   650.780.1701
     Email:       todd.roberts@ropers.com

5    ALAN J. HART (SBN 278645)
6    MATTHEW W. LINNELL (SBN 330243)
     **ROPERS MAJESKI PC**
7    445 S. Figueroa Street, Suite 3000
     Los Angeles, CA  90071
8    Telephone:  213.312.2000
     Facsimile:   213.312.2001
9    Email:       alan.hart@ropers.com
             matthew.linnell@ropers.com

10    Attorneys for Defendant MIDEA AMERICA CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>      v.<br><br>HOME DEPOT U.S.A., INC., a Corporation; MIDEA AMERICA CORP., a Corporation; and Does 1 through 50, inclusive,<br><br>              Defendant. | CASE NO.<br><br>*Formerly Los Angeles County Superior Court Case No.* 21STCV43886<br><br>**DECLARATION OF ALAN J. HART IN SUPPORT OF MIDEA AMERICA CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]** |

/ / /

/ / /

/ / /

/ / /

**DECLARATION OF ALAN J. HART IN SUPPORT OF**
**NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**

## **DECLARATION OF ALAN J. HART**

I, ALAN J. HART, declare as follows:

1.   I am a Partner in the law firm of Ropers Majeski PC, counsel of record for Defendant MIDEA AMERICA CORP. in this matter, *Wawanesa General Insurance Company v. Home Depot U.S.A., Inc., et al.* (Los Angeles County Superior Court Case No. 21STCV43886).

2    I am licensed to practice in all of the Courts of the State of California, and the United States District Court, Central District of California.  I make the following Declaration of my own personal knowledge, and I could and would testify to the matters stated herein if called as a witness.

3.   On December 1, 2021, Plaintiff WAWANESA GENERAL INSURANCE COMPANY ("Plaintiff"), a California citizen, filed this action in the Superior Court for the State of California, in and for the County of Los Angeles, Case No. 21STCV43886, entitled *Wawanesa General Insurance Company v. Home Depot U.S.A., et al.*  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

4.   On January 5, 2022 Defendant HOME DEPOT U.S.A., INC. ("Home Depot") filed its Answer to the Complaint in Los Angeles Superior Court. A true and correct copy of Home Depot's Answer is attached hero as **Exhibit B**.

5.   Defendant MIDEA AMERICA CORP ("Midea") was served with the Summons and Complaint on December 23, 2021. On January 20, 2022 Midea filed its Answer to the Complaint in Los Angeles Superior Court. A true and correct copy of Midea's Answer is attached hero as **Exhibit C**.

6.   On January 20, 2022, I caused to be filed with the Clerk of the Superior Court of the State of California, for the County of Los Angeles, a copy of Midea's Notice of Removal of Civil Action to the District Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), filed in this Court on January 20, 2022, in order to provide notice to the Los Angeles County Superior Court of the removal of this

4878-0020-5834.2

ROPERS MAJESKI

A Professional Corporation
Menlo Park

action to this Court.  A true and correct copy of such Notice of Removal is attached hereto as **Exhibit D**.

7.     At the time of the filing of Plaintiff's Complaint and as of the date of the filing of Midea's Notice of Removal, Midea was, and is, a citizen of Florida and New Jersey. Specifically, Midea was, and is, a corporation organized under the laws of the State of Florida with its principal place of business in Parsippany-Troy Hills, New Jersey. *See* Exhibit F to Midea's Request for Judicial Notice ("RFJN").

8.     At the time of the filing of Plaintiff's Complaint and as of the date of the filing of Midea's Notice of Removal, Home Depot was, and is, a citizen of Delaware and Georgia. Specifically, Home Depot was, and is, a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. *See* Exhibit G to RFJN.

9.     At the time of the filing of Plaintiff's Complaint and as of the date of the filing of Midea's Notice of Removal, Plaintiff was, and is, a citizen of California. Specifically, Plaintiff was, and is, a corporation organized under the laws of the State of California with its principal place of business in San Diego, California. *See* Exhibit E to RFJN.

10.     On January 18, 2022 I spoke with Pavan Rosati, counsel of record for Home Depot, who provide me with Home Depot's consent to join in the removal of this action to the United States District Court, Central District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of January, 2022, in Los Angeles, California.

_____
ALAN J. HART

- 3 -

**DECLARATION OF ALAN J. HART IN SUPPORT OF**
**NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2021 01:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
21STCV43886

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., a corporation; MIDEA AMERICA CORP., a
corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WAWANESA GENERAL INSURANCE COMPANY

Calendared: 1/5 req'd ext to 1/19/22
McPherson, Mary
RCO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>County of Los Angeles, Stanley Mosk Courthouse  (Unlimited Civil)<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV43886 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason P Williams, Esq./ Thomas W Palecek, Esq. 3170 4th Ave, Ste 400, San Diego, CA 92103. (619)346-4263

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 12/01/2021 | Clerk, by<br>*(Secretario)* | Y. Tarasyuk | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOME DEPOT U.S.A., a corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

|  |  |  |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2021 01:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
21STCV43886

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason P. Williams, Esq. SBN 232371<br>WILLIAMS \| PALECEK LAW GROUP, LLP<br>3170 Fourth Avenue, Suite 400<br>San Diego, CA 92103; jwilliams@wplgattorneys.com<br>TELEPHONE NO.: (619) 346-4263    FAX NO.: (619) 346-4291<br>ATTORNEY FOR *(Name):* Plaintiff, Wawanesa General Insurance Company | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Wawanesa General Insurance Company v. Home Depot, U.S.A.; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV43886 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ✔ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.✔ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☐ punitive

4. Number of causes of action *(specify):* Three (3) Negligence; Breach of Implied Warranty; and Product Liability

5. This case ☐ is ✔ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/30/21
Jason P. Williams, Esq.
_____                    ▶          _____
(TYPE OR PRINT NAME)                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Wawanesa General Insurance Company v. Home Depot, et al. | CASE NUMBER 21STCV43886 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury/ Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Wawanesa General Insurance Company v. Home Depot, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☒ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Wawanesa General Insurance Company v. Home Depot, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Wawanesa General Insurance Company v. Home Depot, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 921 W. Rocky Hill Avenue |

| CITY: Montebello | STATE: CA | ZIP CODE: 90640 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk / Central Judicial District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 11/30/21

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Case 2:22-cv-00435-FWS-JEM   Document 1-1   Filed 01/20/22   Page 12 of 86   Page ID #:19
Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2021 01:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
21STCV43886

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

1 | Jason P. Williams, Esq. (SBN # 232371)
Thomas W. Palecek, Esq. (SBN #225890)
2 | WILLIAMS | PALECEK LAW GROUP, LLP
3170 Fourth Avenue, Suite 400
3 | San Diego, CA 92103
Tel.: (619) 346-4263
4 | Fax: (619) 346-4291
5 | Email: jwilliams@wplgattorneys.com
Attorneys for Plaintiff
6 | WAWANESA GENERAL INSURANCE COMPANY
*(INDJARABIAN/1005-106)*
7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF LOS ANGELES

10

11 | WAWANESA GENERAL INSURANCE      )   Case No.: 21STCV43886
COMPANY,                          )   UNLIMITED CIVIL
12 |                               )
Plaintiff,                    )   **COMPLAINT FOR PROPERTY**
13 |                               )   **DAMAGES IN SUBROGATION FOR:**
v.                                )
14 |                               )   1)   Negligence;
HOME DEPOT U.S.A., a corporation; )   2)   Breach of Implied Warranty; and,
15 | MIDEA AMERICA CORP., a corporation; )   3)   Product Liability
and, DOES 1 through 50, inclusive, )
16 |                               )   (Damages: $677,979.63 and continuing and
Defendants.                   )   ongoing)
17 |                               )

18

19 | Plaintiff, WAWANESA GENERAL INSURANCE COMPANY, alleges as follows:

20 | **COMMON ALLEGATIONS**

1.      Any and all causes of action involve a money demand for more than TWENTY-
21
FIVE THOUSAND DOLLARS ($25,000) and are within the jurisdiction of the above-captioned
22
Court. Said Court is the proper Court for the trial of this action. The damage to property herein
23
alleged occurred in this judicial district.
24
2.      Plaintiff WAWANESA GENERAL INSURANCE COMPANY (hereinafter
25
referred to as "Plaintiff" and/or "WAWANESA GENERAL") is a corporation, authorized to
26
transact insurance business in the County of Los Angeles, State of California.
27

28

3. At all times relevant hereto Plaintiff was the homeowner's insurer for Tigran Indjarabian (hereinafter referred to as "INDJARABIAN"). At all times herein mentioned, INDJARABIAN, was the owner of certain real and personal property located at 921 W. Rocky Hill Avenue, in the City of Montebello, County of Los Angeles, State of California (hereinafter referred to as "subject property").

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant, HOME DEPOT U.S.A. (hereinafter referred to as "HOME DEPOT") is a corporation authorized to, and doing business under the laws of the State of California. Plaintiff is further informed and believes that at all times herein mentioned, HOME DEPOT was and is responsible for the sale, retail, distribution, installation, delivery, testing, and/or inspection of residential use appliances, and their component parts, which are sold in the County of Los Angeles, State of California; including the sale, retail, distribution, installation, delivery, testing, and/or inspection of a certain Vissani Freezer, Model #MDCF5WH, including but not limited to, and its component parts, purchased from HOME DEPOT ("subject freezer"). Accordingly, Plaintiff alleges that this Court has personal jurisdiction over this corporate Defendant.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant, MIDEA AMERICA CORP. (hereinafter referred to as "MIDEA") is a corporation authorized to, and doing business under the laws of the State of California. Plaintiff is further informed and believes that at all times herein mentioned, MIDEA was and is responsible for the development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of warnings and instructions for, and/or sale of freezers and their component parts, which are sold in the County of Los Angeles, State of California; including the subject freezer. Accordingly, Plaintiff alleges that this Court has personal jurisdiction over this corporate Defendant.

6. The true names and capacities, whether corporate, associate or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore commences this action against said defendants by such fictitious names. Plaintiff will amend this Complaint to identify the true names and capacities of said DOE Defendants at such time as the same have

1   been ascertained. Plaintiff is further informed and believes and thereon alleges that at all times

2   herein mentioned Defendant DOES 1 through 50, inclusive, are in some way legally responsible

3   for the events, happenings and damages as alleged herein.

4         7.     Plaintiff is informed and believes and thereon alleges that at all times herein

5   mentioned each and every Defendant named and unnamed was acting as an agent, servant or

6   employee of each of the other Defendants; and at all times in doing so, each of the Defendants

7   was acting within the course, scope and authority of said agency or employment and with the

8   full knowledge, permission and consent of each of the remaining Defendants.

9   

10  ### FIRST CAUSE OF ACTION

11  **(Negligence against Defendants, HOME DEPOT U.S.A; MIDEA AMERICA CORP.; and, DOES 1 through 50, inclusive)**

12        8.     Plaintiff refers to and incorporates herein by this reference each and every

13  allegation contained in Paragraphs 1 through 7 of the Common Allegations as though the same

14  were fully set forth herein.

15        9.     Defendants, HOME DEPOT; MIDEA; and DOES 1 through 50, and each of

16  them, owed a duty to the general public, including INDJARABIAN, to use reasonable care in

17  the development, design, engineering, manufacture, production, assembly, testing, distribution,

18  creation of warnings and instructions for, sale, retail, installation, delivery, testing, and/or

19  inspection of the subject freezer at the subject property.

20        10.    Plaintiff is informed and believes and thereon alleges that Defendants, HOME

21  DEPOT; MIDEA; and DOES 1 through 50, and each of them, were negligent, careless, and

22  breached their duty of care in that, and not by way of limitation, they failed to use reasonable

23  care in the development, design, engineering, manufacture, production, assembly, testing,

24  distribution, creation of warnings and instructions for, sale, retail, installation, delivery, testing,

25  and/or inspection of the subject freezer at the subject property.

26        11.    On or about January 8, 2021, the negligence in question caused the subject

27  freezer, and its component parts, to fail, resulting in fire and extensive fire and water damage to

28  the subject property.

12.     As a proximate result of the failure of the subject freezer, and subsequent fire, smoke, flooding and water damage, WAWANESA GENERAL has expended certain sums under the terms of its homeowner's policy with INDJARABIAN. In addition, the negligence and carelessness of Defendants caused INDJARABIAN to suffer the loss of use and consequential damages to the subject property.

13.     As a further direct and proximate result of said negligence and carelessness of Defendants, HOME DEPOT; MIDEA; and DOES 1 through 50, inclusive, Plaintiff WAWANESA GENERAL has expended SIX HUNDRED SEVENTY-TWO THOUSAND NINE HUNDRED SEVENTY-NINE DOLLARS AND SIXTY-THREE CENTS ($672,979.63) under its homeowner's policy, however, the damages are continuing and ongoing. These payments were not voluntary and as such, WAWANESA GENERAL became subrogated to the rights of INDJARABIAN, and is entitled to enforce all remedies of INDJARABIAN against the Defendants named herein.   In addition, the insured paid FIVE THOUSAND DOLLAR ($5,000.00) deductible, which Plaintiff is authorized to recover in this matter.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranties against Defendants, HOME DEPOT U.S.A.; MIDEA AMERICA CORP.; and, DOES 1 through 50, inclusive)

14.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 13 of the Complaint as though the same were fully set forth herein.

15.     At all times herein mentioned Defendants, HOME DEPOT; MIDEA and DOES 1 through 50, inclusive, developed, designed, engineered, manufactured, produced, assembled, tested, distributed, created warnings and instructions for, sold, retailed, installed, delivered, tested, and/or inspected the subject freezer at the subject property.

16.     At all times herein mentioned, and particularly at the time and place of said development, design, engineering, manufacture, production, assembly, testing, distribution, creation of warnings and instructions for, sale, retail, installation, delivery, testing, and/or

1   inspection of the subject freezer, and its component parts, Defendants, HOME DEPOT; MIDEA;

2   and DOES 1 through 50, inclusive, and each of them, impliedly warranted that the development,

3   design, engineering, manufacture, production, assembly, testing, distribution, creation of

4   warnings and instructions for, sale, retail, installation, delivery, testing, and/or inspection of the

5   subject freezer at the subject property was of merchantable quality and conducted with in the

6   standard of the industry.

7       17.    Plaintiff is informed and believes and thereon alleges that at all times herein

8   mentioned, the development, design, engineering, manufacture, production, assembly, testing,

9   distribution, creation of warnings and instructions for, sale, retail, installation, delivery, testing,

10  and/or inspection of the subject freezer, and its component parts, were not completed in the

11  manner described, in that, a defect in the services performed caused extensive fire, smoke,

12  flooding, and water and structural damage at the subject property.

13      18.    The defective condition of the services relating to the subject freezer at the subject

14  property, as alleged, amounts to a breach of the implied warranty of merchantability, and by this

15  Complaint, Plaintiff hereby gives notice of this breach to the Defendants, and each of them.

16      19.    As a result of the flooding and subsequent damage, WAWANESA GENERAL

17  has expended certain sums under the terms of its homeowner's policy with INDJARABIAN,

18  including but not limited to, payment of property damage and reimbursement for loss of use.

19      20.    As a proximate result of the failure of the subject freezer at the subject property,

20  and subsequent fire, smoke, flooding, and water damage, WAWANESA GENERAL has

21  expended certain sums under the terms of its homeowner's policy with INDJARABIAN. In

22  addition, the negligence and carelessness of Defendants caused INDJARABIAN to suffer the

23  loss of use and consequential damages to the subject property.

24      21.    As a further direct and proximate result of said failure of the subject freezer,

25  Plaintiff WAWANESA GENERAL has expended SIX HUNDRED SEVENTY-TWO

26  THOUSAND NINE HUNDRED SEVENTY-NINE DOLLARS AND SIXTY-THREE CENTS

27  ($672,979.63) under its homeowner's policy, however, the damages are continuing and ongoing.

28  These payments were not voluntary and as such, WAWANESA GENERAL became subrogated

1   to the rights of INDJARABIAN, and is entitled to enforce all remedies of INDJARABIAN

2   against the Defendants named herein.   In addition, the insured paid FIVE THOUSAND

3   DOLLAR ($5,000.00) deductible, which Plaintiff is authorized to recover in this matter.

### THIRD CAUSE OF ACTION

**(Product Liability Against Defendants,
HOME DEPOT; MIDEA AMERICA CORP.;
and DOES 1 through 50, inclusive)**

20.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 19 of the Complaint as though the same were fully set forth herein.

21.     At all times herein mentioned, Defendants, HOME DEPOT; MIDEA; and DOES 1 through 50, and each of them, intended that the subject freezer, and its component parts, were to be used for its obvious purpose, a freezer intended for residential use, which would be used by ordinary consumers.

22.     Plaintiff is informed and believes and thereon alleges that the subject freezer, and its component parts, were defective at the time of their development, design, engineering, manufacture, production, assembly, testing, inspection, distribution, creation of warnings and instructions for, and/or sale of; and that, and not by way of limitation, said defective freezer, and its component parts, failed, causing the fire and extensive fire, smoke and water damage, and property damage at the subject property on January 8, 2021.

23.     INDJARABIAN was not aware of the above described defects at any time prior to the incident complained of herein.

24.     As a proximate result of the defects in the subject freezer, and its component parts at the subject property, and subsequent fire, smoke, flooding, and water damage, WAWANESA GENERAL has expended certain sums under the terms of its homeowner's policy with INDJARABIAN. In addition, the defects in the subject freezer caused INDJARABIAN to suffer the loss of use and consequential damages to the subject property.

1     25.     As a further direct and proximate result of said defects in the subject freezer of

2 Defendants, HOME DEPOT; MIDEA; and DOES 1 through 50, inclusive, Plaintiff

3 WAWANESA GENERAL has expended SIX HUNDRED SEVENTY-TWO THOUSAND

4 NINE HUNDRED SEVENTY-NINE DOLLARS AND SIXTY-THREE CENTS ($672,979.63)

5 under its homeowner's policy, however, the damages are continuing and ongoing. These

6 payments were not voluntary and as such, WAWANESA GENERAL became subrogated to the

7 rights of INDJARABIAN, and is entitled to enforce all remedies of INDJARABIAN against the

8 Defendants named herein. In addition, the insured paid FIVE THOUSAND DOLLAR

9 ($5,000.00) deductible, which Plaintiff is authorized to recover in this matter.

10     **WHEREFORE, WAWANESA GENERAL INSURANCE COMPANY** prays for

11 judgment against the defendants, and each of them, as follows:

12     As special, economic damages:

13     1.     For property damage in the sum of SIX HUNDRED SEVENTY-SEVEN

14 THOUSAND NINE HUNDRED SEVENTY-NINE DOLLARS AND SIXTY-THREE CENTS

15 ($677,979.63);

16     2.     For additional damages continuing and ongoing;

17     3.     For its cost of suit herein;

18     4.     For prejudgment interest; and,

19     5.     For such other and further relief as the Court may deem just and proper.

20 DATED:    11/30/21           WILLIAMS PALECEK LAW GROUP, LLP

21

22                                    By: _____

23                                     Jason P. Williams, Esq.

24                                     Thomas W. Palecek, Esq.

25                                     Attorneys for Plaintiff
                                      WAWANESA GENERAL INSURANCE
                                      COMPANY

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/01/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV43886 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/02/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

<div align="center">

**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**

</div>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

<div align="center">

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

</div>

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Corina Ayala

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.:<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

    DATE: _____ AT 10:00 A.M.

**TRIAL:**

    DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

    DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
☐ A7260 Product Liability (not asbestos or toxic/environmental)
☐ A7210 Medical Malpractice – Physicians & Surgeons
☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
☐ A7250 Premises Liability (e.g., slip and fall)
☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Page 2 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.   Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3  may submit a maximum of two stipulations to continue trial, for a total continuance of six
4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.        The PI Courts do not conduct case management conferences.  The parties need not file a
9  Case Management Statement.

10 **LAW AND MOTION**

11 8.        Any and all electronically-filed documents must be text searchable and bookmarked.
12 (*See* operative General Order re Mandatory Electronic Filing in Civil).

13 **COURTESY COPIES REQUIRED**

14 9.        Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15 copies of certain documents must be submitted directly to the PI Court courtrooms at the
16 Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18 or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19 documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20 deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21 (C.R.C. Rule 3.1116(c)).

22 **RESERVATION HEARING DATE**

23 10.       Parties must reserve hearing dates for motions in the PI Courts using the Court
24 Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25 reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26 the reservation receipt number printed on the face page of the document under the caption and
27 attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28 online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11  attorney with full authority to make binding agreements, must attend in person.  The PI judges

12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13  of the Court.

14  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21  filing a motion to compel further discovery responses in order to allow time to participate in an

22  IDC.

23          If parties do not stipulate to extend the deadlines, the moving party may file the motion

24  to avoid it being deemed untimely.  However, the IDC must take place before the motion is

25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

Page 5 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1    that complies with the notice requirements of the Code of Civil Procedure.

2    14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3    www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4    in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5    must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6    LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7    as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8    forth that party's response, at least ten court days prior to the IDC.

9    15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10    resolve other types of discovery disputes.

11    **EX PARTE APPLICATIONS**

12    16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13    showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14    "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15    ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16    applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17    Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18    danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19    relief, the moving party should reserve the earliest available motion hearing date (even if it is

20    after the scheduled trial date) and file a motion to continue trial. Parties should also check

21    CRS from time to time because earlier hearing dates may become available as cases settle or

22    hearings are taken off calendar.

23    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24    17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25    Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26    Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27    website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28    is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

Page 6 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2   the number of pretrial hearings or the complexity of issues presented.

3   18.   Parties opposing a motion to transfer have five court days to file an Opposition (using

4   the same LACIV 238 Motion to Transfer form).

5   19.   The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6   the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7   will make an independent determination whether to transfer the case or not.

8   **FINAL STATUS CONFERENCE**

9   20.   Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.   The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.   The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24  Dated: ___Feb. 24, 2020___

25  SAMANTHA P. JESSNER
    Supervising Judge of Civil Courts

26

27

28

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Central Abana

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) ) ) ) ) |

THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020)

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///
///
///

Page 1 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,
2  and 5) the Court's ruling.
3  **3.    EVIDENTIARY EXHIBITS**
4      The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at
5  the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,
6  organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the
7  witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written
8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties
9  have a joint signed exhibit list and electronic copies of their respective exhibits, then the
10 parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit
11 binders will be required by the assigned trial judge when the trial commences.  In the absence of
12 either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced
13 by all parties/counsel at the FSC.
14 **4.    TRIAL BINDERS REQUIRED IN THE PI COURTS**
15     The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the
16 following for inspection at the FSC) the Trial Documents consisting of conformed copies (if
17 available), tabbed and organized into three-ring binders with a table of contents that includes the
18 following:
19      Tab A:      Trial Briefs (Optional)
20      Tab B:      Motions in Limine
21      Tab C:      Joint Statement to Be Read to the Jury
22      Tab D:      Joint Witness List
23      Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested
24                  instructions)
25      Tab F:      Joint and Contested Jury Instructions
26      Tab G:      Joint and/or Contested Verdict Form(s)
27      Tab H:      Joint Exhibit List
28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab
B with the opposition papers and reply papers for each motion placed directly behind the moving
papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon
instructions first in order followed by the contested instructions (including special instructions)
submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this
Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary
and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

_____

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

FILED
Superior Court of California
County of Los Angeles

DEC 22 2020

2020-SJ-020-01

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Mchilarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | ) AMENDED SUPPLEMENTAL STANDING ) ORDER RE COVID PROTECTIVE ) MEASURES RELATED TO FINAL STATUS ) CONFERENCES IN PERSONAL INJURY ) CASES AT THE SPRING STREET ) COURTHOUSE ) |

In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

**1.    ELECTRONIC TRIAL BINDERS**

As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

Page 1 of 3

AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

2.   **REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

At least <u>two</u> court days before the FSC, parties/counsel must submit via email a joint electronic trial binder to the courtroom conducting the FSC as follows:

a.   The parties/counsel must submit in <u>one</u> PDF the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, and joint deposition designation chart as listed in paragraph 4 of the Operative PI FSC Order.

b.   The trial briefs and motions in limine, oppositions, and replies, if any, must be submitted in a separate PDF.

c.   The PDFs must be text searchable.

d.   The PDFs must be bookmarked which is essentially an electronic tab so that the FSC judge can easily find and navigate among the trial documents. (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking instructions).

e.   The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

f.   The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

g.   Each email should have two PDFs attached — one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h.   The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

3.   **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer). In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated:_____   DEC 2 2 2020

_Samantha P. Jessner_

Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court

Page 3 of 3

AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

**FILED** 2021-SJ-008-00
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Edward Adime

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | SIXTH AMENDED STANDING ORDER RE: MANDATORY SETTLEMENT CONFERENCE (Effective June 21, 2021) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

---

STANDING ORDER – Sixth Amended Standing Order
re MSC In Re PI Cases Assigned to PI Courtrooms at Spring Street Courthouse

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: ___6/29/21___                             _David J Cowan_

                                                 Judge David J. Cowan
                                                 Supervising Judge, Civil Division

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):   FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION — EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint,
          (INSERT DATE)                              (INSERT DATE)
which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤_____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      I.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      II.  Include a brief summary of the dispute and specify the relief requested; and

      III. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      I.   Also be filed on the approved form (copy attached);

      II.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE. | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
        **STIPULATION – DISCOVERY RESOLUTION**
        Page 2 of 3

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤
_____
(ATTORNEY FOR PLAINTIFF)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR _____)

➤
_____
(ATTORNEY FOR _____)

➤
_____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                JUDICIAL OFFICER

# FILED
LOS ANGELES SUPERIOR COURT

**MAY 11 2011**

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:** The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

     **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

     **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
    https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

    Day of trial mediation programs have been paused until further notice.

    **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# **EXHIBIT B**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2022 10:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Abraham,Deputy Clerk

1  PAVAN L. ROSATI, ESQUIRE - State Bar #146171
   GOODMAN NEUMAN HAMILTON LLP
2  One Post Street, Suite 2100
   San Francisco, California 94104
3  Telephone: (415) 705-0400
   Facsimile: (415) 705-0411
4  prosati@gnhllp.com

5  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  WAWANESA GENERAL              Case No. 21STCV43886
    INSURANCE COMPANY
12                                **DEFENDANT HOME DEPOT U.S.A.,**
                       Plaintiff,  **INC.'S ANSWER TO COMPLAINT**
13
    vs.
14
    HOME DEPOT U.S.A., INC., a     Complaint Filed:  December 1, 2021
15  corporation; MIDEA AMERICA     Trial:  Not set
    CORP., a corporation; and DOES 1
16  through 50, inclusive,

17                     Defendants.

18

19        Defendant HOME DEPOT U.S.A., INC., in answer to the unverified complaint of

20  plaintiff herein, denies each and every, all and singular, the allegations of its unverified

21  complaint, and denies that plaintiff has been injured or damaged in any of the sums

22  mentioned in its complaint, or in any sum, or at all, as the result of any act or omission of

23  this answering defendant.

24        AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

25  defendant alleges that plaintiff's insured was themself careless and negligent in and about

26  the matters alleged in the complaint, and that this carelessness and negligence on

27  plaintiff's insured's own part contributed as a proximate cause to the happening of the

28  incident and to the injuries, loss and damage complained of, and any recovery by plaintiff

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1   should be reduced or eliminated based upon the comparative fault of plaintiff's insured.

2       AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

3   defendant alleges that the sole proximate cause of the injuries and damages, if any,

4   allegedly suffered by the plaintiff and its insured was the negligence, fault and strict

5   liability of persons or entities other than this answering defendant, for whose acts or

6   omissions this answering defendant is not legally or otherwise responsible.

7       AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

8   defendant alleges that the complaint fails to state facts sufficient to constitute a cause of

9   action against this answering defendant.

10      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

11  defendant alleges that at all times and places mentioned in the complaint, plaintiff and

12  plaintiff's insured failed to mitigate their damages. The damages claimed by plaintiff

13  could have been mitigated by due diligence on the part of plaintiff and plaintiff's insured

14  or by one acting under similar circumstances. Any recovery by plaintiff should be

15  reduced or eliminated due to plaintiff and plaintiff's insured's failure to mitigate

16  damages.

17      AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

18  defendant alleges that plaintiff's insured had full knowledge of all the risks,

19  dangerousness and hazards, if any there were, and nevertheless voluntarily and with full

20  appreciation of the amount of danger involved in their actions and the magnitude of risk

21  involved, assumed the risk of damages to themself.

22      AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

23  defendant alleges that its conduct was not the cause in fact or the proximate cause of any

24  of the losses alleged by plaintiff.

25      AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, this answering

26  defendant is informed and believes, and thereupon alleges that if plaintiff and plaintiff's

27  insured sustained injuries or damages attributable to the use of any product(s)

28  manufactured by this defendant, which allegations are expressly denied, the injuries or

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1    damages were caused in whole or in part by the unreasonable, unforeseeable and

2    inappropriate purpose and/or improper use which was made of the product(s).

3         AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, this answering

4    defendant alleges that the damages complained of in the complaint were caused in whole

5    or in part by the misuse and abuse of the product(s) in question.

6         AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

7    defendant alleges that the plaintiff's complaint is barred by the applicable statute of

8    limitations, contained in California Code of Civil Procedure, Sections 338 and 339.

9         AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

10   defendant is informed and believes, and thereupon alleges that plaintiff's complaint,

11   each cause of action thereof, fails to state a cause of action in that plaintiff and plaintiff's

12   insured failed to give timely and proper notice of breach of warranty.

13        AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

14   answering defendant is informed and believes, and thereupon alleges that the injuries and

15   damages sustained by plaintiff, if any, were solely and legally caused by the

16   modification, alteration or change of the product(s) referred to in the complaint and said

17   modification, alteration or change was performed by persons or entities other than this

18   answering defendant and without defendant's knowledge or consent.

19        AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

20   defendant is informed and believes, and thereupon alleges that defendant presently has

21   insufficient knowledge or information on which to form a belief as to whether it may

22   have additional, as yet unstated, defenses available. Defendant reserves herein the right to

23   assert additional defenses in the event discovery indicates that they would be appropriate.

24        AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

25   answering defendant alleges that plaintiff is barred from recovery in that all products

26   having any nexus with this answering defendant were in conformity with the existing

27   state of the art and, as a result, these products were not defective in any manner.

28   ///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1       AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

2   answering defendant alleges that if this answering defendant should be found liable for

3   any injury and damage to plaintiff, then said liability for non-economic damages to

4   plaintiff must be limited to this answering defendant's proportionate share of fault, if any

5   , as defined by California Civil Code Section 1431.2, et seq.

6       WHEREFORE, defendant prays:

7           1.      Plaintiff take nothing against it by its complaint;

8           2.      Defendant have judgment for its costs of suit; and

9           3.      Such other and further relief as the court deems just and proper.

10

11  DATED:  January 5, 2022                  GOODMAN NEUMAN HAMILTON LLP

12

13                                      By: PAVAN L. ROSATI
                                            PAVAN L. ROSATI
14                                          Attorneys for Defendant
                                            HOME DEPOT U.S.A., INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

**PROOF OF SERVICE**

**CASE NAME:**     *Wawanesa General Insurance Co. v. Home Depot U.S.A., Inc., et al.*
**CASE NUMBER:** 21STCV43886
**DATE OF SERVICE:** January 5, 2022

**DESCRIPTION OF DOCUMENTS SERVED:**

   **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT**

**SERVED ON THE FOLLOWING:**

Jason P. Williams
Thomas W. Palecek
Williams Palecek Law Group LLP
3170 Fourth Ave., Ste. 400
San Diego, CA 92103
T: (619) 346-4263 / F: (619) 346-4291
jwilliams@wplgattorneys.com
*Attorneys for Plaintiffs*

   I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, Floor, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above, by:

   **BY ELECTRONIC TRANSMISSION ONLY**. Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the California Judicial Council's Temporary Emergency Rule 12, Appendix I, Emergency Rules Related to COVID-19. I confirmed that the email address(es) listed above is/are correct. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Marisol Rosario

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE

# **<u>EXHIBIT C</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/20/2022 03:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Abraham,Deputy Clerk

1  TODD A. ROBERTS (SBN 129722)
   **ROPERS MAJESKI PC**
2  545 Middlefield Road, Suite 175
   Menlo Park, California 94025
3  Telephone:  650.364.8200
   Facsimile:   650.780.1701
4  Email:  todd.roberts@ropers.com

5  ALAN J. HART (SBN 278645)
   MATTHEW W. LINNELL (SBN 330243)
6  **ROPERS MAJESKI PC**
   445 S. Figueroa Street, Suite 3000
7  Los Angeles, California 90071
   Telephone:  213.312.2000
8  Facsimile:   213.312.2001
   Email:  alan.hart@ropers.com
9  Email:  matthew.linnell@ropers.com

10  Attorneys for Defendant MIDEA AMERICA CORP.

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

13  WAWANESA GENERAL INSURANCE          Case No. 21STCV43886
    COMPANY,
14                                       *Assigned to Hon. Monica Bachner*
                Plaintiff,               *Dept. 71 – Stanley Mosk Courthouse*
15
          v.                             **DEFENDANT MIDEA AMERICA**
16                                       **CORP.'S ANSWER TO PLAINTIFF'S**
                                         **COMPLAINT**
    HOME DEPOT U.S.A., INC., a Corporation;
17  MIDEA AMERICA CORP., a Corporation;
    and Does 1 through 50, inclusive,
18                                       Complaint Filed:    December 1, 2021
                Defendant.               Trial Date:         None
19

20

21          Defendant MIDEA AMERICA CORP. (hereinafter "Defendant" or "Midea") hereby

22  answers the unverified Complaint of WAWANESA GENERAL INSURANCE COMPANY

23  ("Plaintiff") as follows:

24                              **GENERAL DENIAL**

25          By virtue of the provisions of California Code of Civil Procedure section 431.30, et. seq.,

26  Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's

27  Complaint, and the whole thereof, and further denies that as a proximate result of any conduct on

28  the part of the answering Defendant, that Plaintiff has sustained damages in the sums alleged, or

*A Professional Corporation*
*Menlo Park*

ROPERS
MAJESKI

4866-0872-5000.1

**ANSWER TO PLAINTIFF'S COMPLAINT**

in any sum, or at all, by reason of any act, breach or omission on the part of Defendant or on the part of any agent, servant, representative, employee, predecessor or successor of Defendant.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.  The Complaint also seeks relief against Defendant that is not properly recoverable by Plaintiff.  Plaintiff is therefore barred from any recovery against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

Plaintiff's Complaint and the allegations contained therein are barred or diminished, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337(1) and (2), 337.1, 337.15, 338, 339, 340 and 343.17.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff, through its conduct, acts and omissions, is barred by the doctrine of unclean hands from recovering any damages or other relief herein against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiff, through its conduct, acts and omissions, is estopped from asserting or recovering under any of its causes of actions alleged against Defendant in the Complaint because of its own conduct at the subject properties at issue in this action. Defendant alleges that Plaintiff knew or should have known of the damages claimed in its Complaint but failed to take any corrective measures and failed to notify any other party of the need for such corrective measures, thereby estopping Plaintiff from claiming damages as a result of these purported conditions, defects or otherwise, if any there be.

/ / /

/ / /

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Waiver)**

3    Plaintiff, through its conduct, acts and omissions, has waived its causes of action and

4    recovery against Defendant alleged in its Complaint.

5

**SIXTH AFFIRMATIVE DEFENSE**

6

**(Laches)**

7    Plaintiff's claims alleged in its Complaint against Defendant is barred or diminished by

8    the doctrine of laches.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10

**(Failure to Mitigate)**

11    Without peril to Defendant's denial of the existence of every alleged defect and claimed

12    damage, Defendant alleges that Plaintiff, while knowing of the purported defects and damages

13    complained of, if any there be, failed to undertake to mitigate their damages and/or increased its

14    damages, if any there be.  Accordingly, if Plaintiff suffered any damages proximately caused by

15    Defendant, which Defendant expressly denies, such damages should have been mitigated by

16    reasonable efforts on the part of Plaintiff.

17

**EIGHTH AFFIRMATIVE DEFENSE**

18

**(Unjust Enrichment)**

19    The Complaint and each cause of action contained therein are barred by the doctrine of

20    unjust enrichment.

21

**NINTH AFFIRMATIVE DEFENSE**

22

**(Assumption of the Risk)**

23    The injuries and damages, if any, of which Plaintiff complains were directly and

24    proximately caused and contributed to by a risk(s) known to Plaintiff of which Plaintiff

25    appreciated the danger and magnitude, but which Plaintiff nevertheless voluntarily assumed, thus

26    barring Plaintiff from recovery herein and/or reducing Plaintiff's recovery thereby.

27    / / /

28    / / /

A Professional Corporation
Menlo Park

ROPERS
MAJESKI

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Complete Performance)**

3        Defendant has appropriately, completely, and fully performed and discharged any and all

4   obligations and legal duties arising out of the matters alleged in the Complaint.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6

**(Standard of Care)**

7        Defendant is informed and believes and based thereon alleges that at no time prior to the

8   filing of this action did Plaintiff, or any agent, representative or employee thereof notify

9   Defendant of any breach of any contract, warranty, or duty to Plaintiff. By reason of said failure

10  to notify, Plaintiff is barred from any right of recovery from Defendant.  Furthermore, Defendant

11  alleges that Plaintiff is barred and precluded from any recovery in this action because Defendant

12  at all times complied with the applicable standard of care required of Defendant at the time and

13  location where professional services were rendered.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15

**(Custom and Standard Work)**

16       At all times relevant herein, Defendant performed its work in a workmanlike manner and

17  within custom and standards of the relevant industry.

18

**THIRTEENTH AFFIRMATIVE DEFENSE**

19

**(Allocation)**

20       In the event that Defendant is found responsible in damages to Plaintiff, Defendant can

21  only be held responsible, if at all, for that portion of the "non-economic" damages for which it is

22  found liable by a jury or judicial determination in direct proportion to Defendant's percentage of

23  fault, pursuant to California Civil Code section 1431.2, as the rule joint and several liability does

24  not apply under such circumstances.

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26

**(No Recovery in Tort for Economic Damages)**

27       The economic loss doctrine precludes Plaintiff from recovering in tort economic losses

28  which have not yet caused personal injury or physical damage to other property.

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Indemnification)

Defendant is entitled to a right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed accident or alleged injuries.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

To the extent that Plaintiff requests relief based upon an oral contract or agreement, and/or related alleged fraud, Plaintiff's claims are barred by the applicable Statute of Frauds.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

Damages and claims for which Plaintiff seeks indemnity, apportionment and declaratory relief in their Complaint, if any, were caused by the acts, errors or omissions of Plaintiff and/or third parties and/or contributed to and/or caused by the acts, errors, omissions or negligence of Plaintiff and/or third parties, for whose conduct Defendant is not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant is informed and believes and based thereon alleges that if Plaintiff was injured or damaged in the manner alleged or otherwise, which Defendant denies, then Plaintiff was comparatively at fault; accordingly, Plaintiff's damages should be reduced in proportion to its own fault.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant is informed and believes and based thereon alleges that if Plaintiff was injured or damaged in the manner alleged or otherwise, which Defendant denies, then Plaintiff was comparatively negligent, and such comparative negligence proximately caused Plaintiffs' injuries and damages, if any; accordingly, Plaintiff's damages should be reduced in proportion to its own fault.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Plaintiff's causes of action are barred in that any alleged act or omission was intervened and/or superseded by the acts and omissions of others, named and unnamed, including Plaintiff and/or its agents, which were the sole cause of injury, damage or loss, if any, which Defendant expressly denies to Plaintiff herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Independent Causes)

The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery were the result of causes independent of any purported acts or omissions on the part of Defendant, or any of its respective agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause)

The acts and/or omissions, if any, of Defendant was not the proximate cause of the losses, damage or injuries alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Subsequent Modification)

Defendants are informed and believes and based thereon alleges that Plaintiff and other persons retained by Plaintiff have made changes, alterations, and/or modifications to the work performed by Defendant, which conduct discharges Defendant from any liability.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Subsequent Misuse)

Defendant alleges that, if Plaintiff sustained injuries attributable to the use of any product(s) manufactured by this Defendant, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use made by Plaintiff of said product(s).

/ / /

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Passive Acts)**

If Defendant is found to have been negligent or liable in any manner, such negligence or liability was passive and secondary while the negligence or liability of Plaintiff and others were active and primary, and such active and primary negligence and liability bars, in whole or in part, the recovery requested, or any recovery, against Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Intentional Conduct)**

The Complaint and each cause of action alleged therein are barred by Plaintiff's intentional conduct.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Justified Conduct)**

The conduct of Defendant with respect to the matters alleged in the Complaint was justified, and, by reason of the foregoing, Plaintiff is barred from any recovery against Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiff acquiesced to any conduct engaged in by Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff expressly ordered, approved, authorized, participated in and ratified the actions and transactions complained of and the actions upon which recovery is allegedly sought, and Plaintiff is accordingly precluded from recovery.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Express Consent)**

Plaintiff expressly consented to the actions alleged to have caused its damages.

/ / /

/ / /

- 7 -

ANSWER TO PLAINTIFF'S COMPLAINT

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

**ROPERS**
**MAJESKI**
A Professional Corporation
Menlo Park

1     **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2     **(Implied Consent)**

3     Plaintiff impliedly consented to the actions alleged to have caused its damages.

4     **THIRTY-SECOND AFFIRMATIVE DEFENSE**

5     **(Privilege and Consent)**

6     Plaintiff's claims against Defendant are barred in that any conduct by Defendant was

7 privileged and/or fully consented to by the parties.

8     **THIRTY-THIRD AFFIRMATIVE DEFENSE**

9     **(Lack of Notice)**

10     The Complaint and each cause of action alleged therein are barred by Plaintiff's failure to

11 timely notify Defendant of the alleged defects, breach and/or damages, if any, which any party

12 may have sustained.

13     **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

14     **(No Reliance)**

15     Plaintiff did not rely on any representations or conduct of Defendant and therefore

16 Defendant is not responsible for any damages, if any exist. In the event that it did rely on

17 representations, which Defendant denies, such reliance was not justified.

18     **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

19     **(Setoff)**

20     By virtue of the acts, omissions and misrepresentations of Plaintiff, Defendant has

21 incurred damages and expenses, all in amounts to be ascertained and applied as an offset against

22 the claims of Plaintiff.

23     **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

24     **(Refusal to Allow Cure)**

25     Plaintiff has refused to allow Defendant, or otherwise prevented Defendant, reasonable

26 opportunity to cure any alleged defects or deficiencies in the subject property. Therefore, Plaintiff

27 is estopped and barred from any claim predicated upon the failure to cure or remedy the alleged

28 defects or deficiencies, if any.

1

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3

Plaintiff lacks standing to seek the relief that it is pursuing in its Complaint against

4

Defendant.

5

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

6

**(Absence of Necessary Parties)**

7

The purported claims and causes of action contained in the Complaint require, for

8

complete adjudication, the joining of additional, necessary or indispensable parties, without

9

whom the purported claims and causes of action cannot be fully, finally and completely resolved.

10

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

11

**(Demand for Alternative Dispute Resolution)**

12

If an agreement or statute exists which requires or permits this matter to proceed to

13

binding arbitration, judicial reference, mediation or other form of alternative dispute resolution,

14

this answering Defendant hereby demands the required or permitted alternative dispute

15

resolution.

16

**FORTIETH AFFIRMATIVE DEFENSE**

17

**(Indispensable Parties)**

18

Defendant alleges that Plaintiff was reimbursed for a portion of the claimed damages by a

19

third party; this answering Defendant is informed and believes and thereon alleges that Plaintiff

20

has subrogated that third party to a portion of the damages claimed herein; this answering

21

Defendant is informed and believes and thereon alleges that by virtue of the aforementioned

22

subrogation, Plaintiff has failed to name indispensable parties, and has violated the rule against

23

splitting causes of action, thus barring Plaintiff's recovery herein.

24

**FORTY-FIRST AFFIRMATIVE DEFENSE**

25

**(Completed and accepted doctrine)**

26

This answering Defendant alleges that any and all of the work which it is alleged to have

27

undertaken was completed and then accepted by the owner after a reasonable inspection. This

28

answering Defendant further contends that any alleged condition of its completed work was

- 9 -

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

1   known to and accepted by the owner thereby negating any liability owed to any third party for

2   said condition, including Plaintiff.

3                    **FORTY-SECOND AFFIRMATIVE DEFENSE**

4                       **(Unstated Additional Defenses)**

5          Defendant presently has insufficient knowledge and information on which to form a belief

6   as to whether there exist additional, as yet unstated, affirmative defenses. Defendant reserves

7   herein the right to assert additional affirmative defenses in the event that discovery indicates that

8   such defenses would be appropriate.

9

10          WHEREFORE, Defendant respectfully prays for entry of judgment in its favor and

11   against Plaintiff as follows:

12          1.      That Plaintiff take nothing by way of its Complaint;

13          2.      That Plaintiff's recovery against Defendant, if any, be diminished by an amount

14   equal to the degree of negligence of fault attributable to Plaintiff;

15          3.      That Plaintiff's recovery against Defendant, if any, be diminished by an amount

16   equal to the degree of negligence or fault attributable to parties, individuals and/or entities other

17   than Defendant in this action;

18          4.      For the cost of suit incurred herein, including reasonable attorneys' fees; and

19          5.      For any other and further relief as the Court may deem just and proper.

20

21   Dated: January 20, 2022                    ROPERS MAJESKI PC

22

23                                              By:

24                                                TODD A. ROBERTS
                                                  ALAN J. HART
25                                                MATTHEW W. LINNELL
                                                  Attorneys for Defendant MIDEA
26                                                AMERICA CORP.

27

28

4866-0872-5000.1
                                            - 10 -

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

1    **CASE NAME:**    *Wawanesa General Insurance Company v. Home Depot U.S.A.; et al.*

2    **ACTION NO.:**    **21STCV4**3886 **– Los Angeles County Superior Court**

3

4                     **PROOF OF SERVICE**

**METHOD OF SERVICE**

5

6    ☐ First Class Mail      ☐ Facsimile              ☐ Messenger Service

7    ☐ Overnight Delivery      ☒ E-Mail/Electronic Delivery

8    1.  At the time of service, I was over 18 years of age and not a party to this action.

9    2.  My business address is 445 South Figueroa Street, Suite 3000, Los Angeles, California 90071, County of Los Angeles.

10

11    3.  On January 20, 2022, I served the following document:

12                  **DEFENDANT MIDEA AMERICA CORP.'S**
                 **ANSWER TO PLAINTIFF'S COMPLAINT**

13    4.  I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

14

15    Jason P. Williams, Esq.                  Attorneys for Plaintiff WAWANESA
   Thomas W. Palecek, Esq.                GENERAL INSURANCE COMPANY

16    **WILLIAMS | PALECEK LAW GROUP, LLC**
   3170 Fourth Avenue, Suite 400
   San Diego, California 92103

17    Tel: 619-346-4263
   Fax: 619-346-4291

18    Email: jwilliams@wplgattorneys.com

19    Pavan L. Rosati, Esq.                   Attorneys for Defendant
   **GOODMAN NEUMAN HAMILTON LLP**       HOME DEPOT U.S.A., INC.

20    One Post AStreet, Suite 2100
   San Francisco, California 94104

21    Tel:  415-705-0400
   Fax:  415-705-0411

22    Email: prosati@gnhllp.com

23

24

25

26

27

28

A Professional Corporation
Menlo Park

ROPERS
MAJESKI

4866-0872-5000.1

**ANSWER TO PLAINTIFF'S COMPLAINT**

1    5.  I served the documents by the following means:

2         a.  ☐  By United States mail:  I enclosed the documents in a sealed envelope or package
addressed to the persons at the addresses specified in item 4 and placed the envelope for

3    collection and mailing, following our ordinary business practices.  I am readily familiar with this
business's practice for collecting and processing correspondence for mailing.  On the same day

4    that correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid at

5    the address listed in Paragraph 2 above.

6         b.  ☐  By overnight delivery:  I enclosed the documents in an envelope or package
provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.

7    I placed the envelope or package for collection and overnight delivery at an office or a regularly
utilized drop box of the overnight delivery carrier.

8

9         c.  ☐  By messenger:  I served the documents by placing them in an envelope or package
addressed to the persons at the addresses listed in item 4 and providing them to a messenger for

10   service.

11        d.  ☐  By fax transmission:  Based on an agreement between the parties and in
conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the

12   fax numbers listed in item 4.  No error was reported by the fax machine that I used.  A copy of the
record of the fax transmission is attached.

13        e.  ☒  I served the document(s) by electronic file transfer into the Court approved
[File & ServeXpress/Case Home Page/CaseAnywhere/Ace Attorney Service eFile/**One Legal**].

14   In compliance with *Code of Civil Procedure* section § 1010.6, my electronic business address is:
jennie.cecchini@ropers.com.  I caused the document(s) listed above to be electronically served

15   through [File & Serve Xpress/Case Home Page/Case Anywhere/Ace Attorney Service eFile/
**One Legal**] for the above-entitled case upon the parties o the Service List maintained by the

16   provider.

17        f.  ☐  I served the documents by electronic service pursuant to *Code of Civil Procedure*
Section 1010.6 (amended COVID provision for electronic service) to the electronic service

18   address(es) for counsel(s) being served as confirmed by telephone or email.

19        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

20

21   DATED:  January 20, 2022

22                                                          *Jennie Cecchini*

23                                                          **Jennie Cecchini**

24

25

26

27

28

A Professional Corporation
Menlo Park

ROPERS
MAJESKI

# **<u>EXHIBIT D</u>**

1   TODD A. ROBERTS (SBN 129722)
2   **ROPERS MAJESKI PC**
    545 Middlefield Road, Suite 175
3   Menlo Park, California 94025
    Telephone:  650.364.8200
4   Facsimile:   650.780.1701
    Email:  todd.roberts@ropers.com

5   ALAN J. HART (SBN 278645)
    MATTHEW W. LINNELL (SBN 330243)
6   **ROPERS MAJESKI PC**
    445 S. Figueroa Street, Suite 3000
7   Los Angeles, California 90071
    Telephone:    213.312.2000
8   Facsimile:    213.312.2001
    Email:  alan.hart@ropers.com
9   Email:  matthew.linnell@ropers.com

10  Attorneys for Defendant MIDEA AMERICA CORP.

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

14

15  WAWANESA GENERAL INSURANCE        Case No. 21STCV43886
    COMPANY,
16                                    *Assigned to Hon. Monica Bachner*
                                      *Dept. 71 – Stanley Mosk Courthouse*
17              Plaintiff,

        v.                            **MIDEA AMERICA CORP.'S NOTICE**
18                                    **OF REMOVAL OF CIVIL ACTION TO**
                                      **DISTRICT COURT PURSUANT TO 28**
19  HOME DEPOT U.S.A., INC., a Corporation;   **U.S.C. SECTIONS 1332, 1441(b) AND**
    MIDEA AMERICA CORP., a Corporation;       **1446 [DIVERSITY JURISDICTION]**
20  and Does 1 through 50, inclusive,

21              Defendant.

22  **TO THE CLERK OF THE COURT AND TO ALL PARTIES HEREIN:**

23          PLEASE TAKE NOTICE that Defendant MIDEA AMERICA CORP. ("Midea") has filed

24  in the United States District Court for the Central District of California, a Notice of Removal of

25  Civil Action to the District Court and a Demand for Jury Trial, for the above-captioned action,

26  pursuant to 28 U.S.C. §§1441(b), and 1446.  A copy of such Notice of Removal, and its

27  concurrently filed documents, are attached hereto as Exhibit A.

28  / / /

1    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446 subdivision (d),

2  the filing of the attached Notice of Removal and Demand for Jury Trial in the United States

3  District Court, Central District together with this Notice filed in this Court, effects the removal of

4  this Complaint and action, and this Court is requested to proceed no further, unless and until this

5  case is remanded to the Superior Court of the State of California

6

7  Dated: January 20, 2022                    ROPERS MAJESKI PC

8

9                                             By: _____
                                                   TODD A. ROBERTS
10                                                 ALAN J. HART
                                                   MATTHEW W. LINNELL
11                                                 Attorneys for Defendant
                                                   MIDEA AMERICA CORP.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4865-8529-7930.2

- 2 -

# **<u>EXHIBIT A</u>**

1  TODD A. ROBERTS (SBN 129722)
2  **ROPERS MAJESKI PC**
   545 Middlefield Road, Suite 175
3  Menlo Park, CA  94025
   Telephone:  650.364.8200
4  Facsimile:  650.780.1701
   Email:     todd.roberts@ropers.com

5  ALAN J. HART (SBN 278645)
   MATTHEW W. LINNELL (SBN 330243)
6  **ROPERS MAJESKI PC**
   445 S. Figueroa Street, Suite 3000
7  Los Angeles, CA  90071
   Telephone:  213.312.2000
8  Facsimile:  213.312.2001
   Email:     alan.hart@ropers.com
9             matthew.linnell@ropers.com

10 Attorneys for Defendant MIDEA AMERICA CORP.

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14 WAWANESA GENERAL            | CASE NO.
15 INSURANCE COMPANY,          |
                               | *Formerly Los Angeles County Superior*
16         Plaintiff,          | *Court Case No.* 21STCV43886
17    v.                       | **MIDEA AMERICA CORP.'S**
                               | **NOTICE OF REMOVAL OF**
18 HOME DEPOT U.S.A., INC., a  | **CIVIL ACTION TO DISTRICT**
   Corporation; MIDEA AMERICA  | **COURT UNDER 28 U.S.C.**
19 CORP., a Corporation; and Does 1 | **SECTIONS 1332 AND 1441(b)**
   through 50, inclusive,      | **[DIVERSITY JURISDICTION]**
20                             |
           Defendant.          | **DEMAND FOR JURY TRIAL**
21                             | **[Fed. R. Civ. Proc., Rule 38(a)]**
22                             | *[Filed concurrently with Declaration*
                               | *of Alan J. Hart and Request for*
23                             | *Judicial Notice in support thereof]*
24

25 / / /
26
27 / / /
28

4882-5849-8826.2

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT

1  **TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION,**
2  **AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

3      PLEASE TAKE NOTICE that Defendant MIDEA AMERICA CORP.
4  ("Defendant" or "Midea") hereby removes to the United States District Court for
5  the Central District of California, the State Court action described below:

6      1.      On December 1, 2021, Plaintiff WAWANESA GENERAL
7  INSURANCE COMPANY ("Plaintiff"), a California citizen, filed this action in the
8  Superior Court for the State of California, in and for the County of Los Angeles,
9  Case No. 21STCV43886, entitled *Wawanesa General Insurance Company v. Home*
10 *Depot U.S.A., et al*.  Declaration of Alan J. Hart ("Hart Decl.") ¶ 3; Request for
11 Judicial Notice ("RFJN"), ¶ 1 & Exh. E.  A true and correct copy of the Summons
12 and Complaint is attached as Exhibit A to the Declaration of Alan J. Hart.

13     2.      The Summons and Complaint was served upon Midea on December
14 23, 2021.  Hart Decl., ¶ 5.

15     3.      On January 5, 2022 Defendant HOME DEPOT U.S.A., INC. ("Home
16 Depot") filed its Answer to the Complaint in Los Angeles Superior Court. Hart
17 Decl., ¶ 4 & Exh. B.  A true and correct copy of Home Depot's Answer is attached
18 as Exhibit B to the Declaration of Alan J. Hart.

19     4.      On January 20, 2022 Midea filed its Answer to the Complaint in Los
20 Angeles Superior Court. Hart Decl., ¶ 5 & Exh. C. A true and correct copy of
21 Midea's Answer is attached as Exhibit C to the Declaration of Alan J. Hart.

22     5.      Pursuant to 28 U.S.C. § 1446, subdivision (a), the documents set forth
23 in Exhibits A-C to the Declaration of Alan J. Hart constitute all of the process,
24 pleadings, and orders received in this action.

25     6.      Plaintiff's lawsuit against Home Depot and Midea (collectively,
26 "Defendants") alleges causes of action for negligence, breach of implied warranty,
27 and product liability. Hart Decl., Exh. A.

28 / / /

4882-5849-8826.2

- 2 -

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

7.     A civil action brought in state court of which the federal court has original jurisdiction may be removed to the district court for the district embracing the place where such action is pending. 28 U.S.C. § 1441(a).  Federal courts have jurisdiction over controversies before "Citizens of different states," pursuant to 28 U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460-61 (1980).  Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002).

8.     "This calculation takes into account claims for 'general' damages and 'special' damages (pain and suffering, as well as out-of-pocket loss)." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).  The removing party "need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Instead, in measuring the amount in controversy, the Court must "assum[e] that the allegations of the complaint are true and assum[e] that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *see Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").

9.     The determination of citizenship for diversity purposes is governed by federal rather than state law.  *Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).  In determining whether diversity of citizenship exists, only the named defendants are considered.

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT

1    *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  The

2    citizenship of defendants sued under fictitious names, such as "Doe" defendants, is

3    disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v.*

4    *Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  For diversity purposes, "a

5    corporation shall be deemed to be a citizen of every State […] by which it has been

6    incorporated and of the State […] where it has its principal place of business".  28

7    U.S.C. § 1332(c)(1).

8           10.    "In determining whether removal is proper, a court may consider any

9    evidence so long as it reveals the situation that existed when the case was

10   removed." *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, *3 (N.D.

11   Cal. Nov. 4, 2003).  For that reason, the Court's inquiry into the citizenship of the

12   parties and the amount in controversy is not confined to the face of the complaint.

13   *Valdez*, 372 F.3d at 1117.  In addition to the complaint, the district court may

14   properly consider "facts in the removal petition," as well as "summary-judgment-

15   type evidence relevant to the amount in controversy at the time of removal."  *Singer*

16   *v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see White v.*

17   *FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269

18   F.3d 1316, 1319 (11th Cir. 2001).

19          11.    The substantive law of California applies to this diversity action.

20   *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995).  In its Complaint,

21   Plaintiff alleges Defendants negligently failed to use reasonable care in the

22   manufacture and distribution of the subject freezer, and that this negligence caused

23   a fire at the subject property.  Hart Decl., Exh. A at ¶¶ 10-11.  Further, Plaintiff

24   alleges Defendants tortuously breached the implied warranty of merchantability due

25   to the allegedly defective condition of the subject freezer.  *Id.*, ¶¶ 16-17.  Plaintiff

26   also alleges product liability against Defendants for the alleged defective condition

27   of the subject freezer.  *Id.*, ¶ 22.  Plaintiff's Complaint seeks special damages for

28   property damage in the sum of $677,979.63, additional damages continuing and

ROPERS MAJESKI | A Professional Corporation | Menlo Park

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT

ongoing, costs of suit, and prejudgment interest.  *Id.*, ¶¶ 13, 21, 25 & Prayer for Relief Nos. 1-4.

12.    The District Court has original jurisdiction over this civil action under 28 U.S.C. § 1332.  The face of the Complaint alleges that Plaintiff seeks special damages for property damage in the sum of $677,979.63.  Hart Decl., Exh. A, ¶¶ 13, 21, 25 & Prayer No. 1 (alleging damages sustained in the amount of $677,979.63, which are ongoing).  Therefore, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.

13.    Additionally, complete diversity exists between the parties in this action:

a.    At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Midea was, and is, a citizen of Florida and New Jersey.  Hart Decl., ¶ 7; RFJN, ¶ 2 & Exh. F.

b.    At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Home Depot was, and is, a citizen of Delaware and Georgia.  Hart Decl., ¶ 8; RFJN, ¶ 3 & Exh. G.

c.    At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Plaintiff was, and is, a citizen of California. Hart Decl., ¶ 9; RFJN, ¶ 1 & Exh. E.

d.    The citizenship of the fictitious DOE defendants 1 through 20 are disregarded pursuant to 28 U.S.C. § 1441(b)(1).  28 USC § 1441(a); *Soliman*, 311 F.3d at 971.  Named defendants have no obligation to disclose the identity of Doe defendants before discovery (*Newcombe*, 157 F.3d at 690-91), or to negate the existence of a potential defendant whose presence would destroy diversity.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  Therefore, inclusion of "Doe" defendants in the Complaint has no effect on removability.  *Newcombe*, 157 F.3d at 690-91.

4882-5849-8826.2

- 5 -

ROPERS MAJESKI

A Professional Corporation
Menlo Park

1      Accordingly, there is complete diversity of citizenship between the parties—

2  citizens of the States of California, Delaware, Georgia, Florida and New Jersey.

3      14.    Defendant Home Depot consents to the removal of this action to this

4  Court.  Hart Decl., ¶ 10.

5      15.    Consequently, this action may be removed to this Court, pursuant to 28

6  U.S.C. §1441, subdivision (b), because the amount in controversy exceeds $75,000,

7  and there is complete diversity of citizenship between Plaintiff and Defendants

8  under 28 U.S.C. §1332 (a)(1)(c)(1).

9      16.    A true and correct copy of this Notice of Removal shall be

10  contemporaneously filed in the office of the clerk for the Superior Court of Los

11  Angeles County.

12

13  Dated:  January 20, 2022           ROPERS MAJESKI PC

14

15  By:_____

16                    TODD A. ROBERTS
                  ALAN J. HART

17                    MATTHEW W. LINNELL
                  Attorneys for Defendant

18                    MIDEA AMERICA CORP.

19

20  **<u>DEMAND FOR JURY TRIAL</u>**

21      Defendant MIDEA AMERICA CORP. hereby demands a trial by jury,

22  pursuant to Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

23  Dated:  January 20, 2022           ROPERS MAJESKI PC

24

25  By:_____

26                    TODD A. ROBERTS
                  ALAN J. HART

27                    MATTHEW W. LINNELL
                  Attorneys for Defendant

28                    MIDEA AMERICA CORP.

ROPERS
MAJESKI

A Professional Corporation
Menlo Park

| | |
|---|---|
| CASE NAME: | ***WAWANESA GENERAL INSURANCE COMPANY v. HOME DEPOT, et al.*** |
| ACTION NO.: | USDC No. *Pending* |
| | LASC No. 21STCV43886 |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**MIDEA AMERICA CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL [ Fed. R. Civ. Proc.,  Rule 38(a)]**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☒ **Electronically Serviced Through ECF to:**

| | |
|---|---|
| Jason P. Williams, Esq.<br>Thomas W. Palecek, Esq.<br>**WILLIAMS \| PALECEK LAW GROUP, LLC**<br>3170 Fourth Avenue, Suite 400<br>San Diego, California 92103<br>Tel: 619-346-4263<br>Fax: 619-346-4291<br>Email: jwilliams@wplgattorneys.com | Attorneys for Plaintiff<br>WAWANESA GENERAL<br>INSURANCE COMPANY |
| Pavan L. Rosati, Esq.<br>**GOODMAN NEUMAN HAMILTON LLP**<br>One Post AStreet, Suite 2100<br>San Francisco, California 94104<br>Tel:  415-705-0400<br>Fax:  415-705-0411<br>Email: prosati@gnhllp.com | Attorneys for Defendant<br>HOME DEPOT U.S.A., INC. |

☐ **Served By United States Mail:**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   January 20, 2022        _____*/s/ Jennie Cecchini*____
                                                            Jennie Cecchini

4882-5849-8826.2

A Professional Corporation
Menlo Park

ROPERS
MAJESKI

**CASE NAME:**    *Wawanesa General Insurance Company v. Home Depot U.S.A.; et al.*

**ACTION NO.:**    21STCV43886 **– Los Angeles County Superior Court**

### PROOF OF SERVICE

## METHOD OF SERVICE

☐  First Class Mail          ☐  Facsimile          ☐  Messenger Service

☐  Overnight Delivery      ☒  E-Mail/Electronic Delivery

1.  At the time of service, I was over 18 years of age and not a party to this action.

2.  My business address is 445 South Figueroa Street, Suite 3000, Los Angeles, California 90071, County of Los Angeles.

3.  On January 20, 2022, I served the following document:

**MIDEA AMERICA CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY JURISDICTION]**

4.  I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Jason P. Williams, Esq.                              Attorneys for Plaintiff WAWANESA
Thomas W. Palecek, Esq.                          GENERAL INSURANCE COMPANY
**WILLIAMS | PALECEK LAW GROUP, LLC**
3170 Fourth Avenue, Suite 400
San Diego, California 92103
Tel: 619-346-4263
Fax: 619-346-4291
Email: jwilliams@wplgattorneys.com

Pavan L. Rosati, Esq.                               Attorneys for Defendant
**GOODMAN NEUMAN HAMILTON LLP**          HOME DEPOT U.S.A., INC.
One Post AStreet, Suite 2100
San Francisco, California 94104
Tel:  415-705-0400
Fax:  415-705-0411
Email: prosati@gnhllp.com

*A Professional Corporation*
*Menlo Park*

**ROPERS**
**MAJESKI**

4865-8529-7930.2

5.   I served the documents by the following means:

      a.   ☐  By United States mail:  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

      b.   ☐  By overnight delivery:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

      c.   ☐  By messenger:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

      d.   ☐  By fax transmission:  Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

      e.   ☒  I served the document(s) by electronic file transfer into the Court approved [File & ServeXpress/Case Home Page/CaseAnywhere/Ace Attorney Service eFile/**One Legal**].  In compliance with *Code of Civil Procedure* section § 1010.6, my electronic business address is: jennie.cecchini@ropers.com.  I caused the document(s) listed above to be electronically served through [File & Serve Xpress/Case Home Page/Case Anywhere/Ace Attorney Service eFile/ **One Legal**] for the above-entitled case upon the parties o the Service List maintained by the provider.

      f.   ☐  I served the documents by electronic service pursuant to *Code of Civil Procedure* Section 1010.6 (amended COVID provision for electronic service) to the electronic service address(es) for counsel(s) being served as confirmed by telephone or email.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  January 20, 2022

*Jennie Cecchini*

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT

| 1 | CASE NAME: | ***WAWANESA GENERAL INSURANCE COMPANY v.*** |
| 2 | | ***HOME DEPOT, et al.*** |
| | ACTION NO.: | USDC No. *Pending* |
| 3 | | LASC No. 21STCV43886 |

<div align="center">

4

5

## **CERTIFICATE OF SERVICE**

</div>

The undersigned certifies that the foregoing document:

**DECLARATION OF ALAN J. HART IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☒   **Electronically Serviced Through ECF to:**

Jason P. Williams, Esq.                                     Attorneys for Plaintiff
Thomas W. Palecek, Esq.                                 WAWANESA GENERAL
**WILLIAMS | PALECEK LAW GROUP, LLC**        INSURANCE COMPANY
3170 Fourth Avenue, Suite 400
San Diego, California 92103
Tel: 619-346-4263
Fax: 619-346-4291
Email: jwilliams@wplgattorneys.com

Pavan L. Rosati, Esq.                                       Attorneys for Defendant
**GOODMAN NEUMAN HAMILTON LLP**               HOME DEPOT U.S.A., INC.
One Post AStreet, Suite 2100
San Francisco, California 94104
Tel:  415-705-0400
Fax:  415-705-0411
Email: prosati@gnhllp.com

☐ **Served By United States Mail:**

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   January 20, 2022                          _/s/ Jennie Cecchini____
                                                                      Jennie Cecchini

4878-0020-5834.2

<div align="left">

ROPERS
M A J E S K I
A Professional Corporation
Menlo Park

</div>

<div align="center">

**DECLARATION OF ALAN J. HART IN SUPPORT OF**
**NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**

</div>